**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HOUSE, | Case No. 1:14-cv-01018-SKO |
| Plaintiff, | **ORDER AFFIRMING ALJ'S DECISION** |
| v. | (Doc. No. 1) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Matthew House ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act. 42 U.S.C. § 405(g). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 7, 9.)

# FACTUAL BACKGROUND

Plaintiff filed an application for DIB on October 6, 2010, alleging disability beginning on September 16, 2009, caused by back surgery, anterior cruciate ligament replacement in his right knee, a rebuilt left knee, arthritis in his back, and scoliosis. (Administrative Record ("AR") 162-63, 175.)

**A.    Relevant Evidence**[2]

The Commissioner denied Plaintiff's application initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 98-102, 104-10.) A hearing was held on November 13, 2012, before an ALJ. (AR 28-69.) Plaintiff appeared without representation. (*See* AR 28.)

    **1.    Testimony of Vocational Expert at the Hearing**

At the hearing, the ALJ solicited testimony from a Vocational Expert ("VE") about Plaintiff's past work and his ability to perform other work. (AR 61-68.) The VE testified Plaintiff's past relevant work was characterized under the Dictionary of Occupational Titles ("DOT") as a school bus driver, DOT 913.463-010, which is characterized as medium,[3] semi-skilled work[4] with a specific vocational preparation ("SVP") level of 4.[5]

The ALJ then posed a series of hypotheticals for the VE to consider. The ALJ asked the VE to consider a person of the same age, education, language abilities, and experience in background as Plaintiff for each hypothetical. In first hypothetical, the ALJ asked the VE to

---

[2] As Plaintiff's assertion of error is limited to the ALJ's consideration of the VE testimony, and because there is no challenge to the ALJ's RFC finding, only evidence relevant to this single argument is set forth below.

[3] **Error! Main Document Only.**"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the Commissioner determines] that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c).

[4] By regulation, semi-skilled work is defined as that "which needs some skills but does not require doing the more complex work duties . . . ."

[5] The DOT defines the SVP level of a job "as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991). Jobs in the DOT are assigned SVP levels ranging from 1 (the lowest level – "short demonstration only") to 9 (the highest level – over 10 years of preparation). *Id.*

consider a person who could walk, stand, and sit for six hours; lift and carry 50 pounds occasionally, and 25 pounds frequently,[6] and could frequently climb, kneel, crouch and crawl. (AR 63.) The ALJ specifically noted that in the length of time this person could walk, stand or sit, it was assumed that each could be done "with an opportunity to stretch every hour." (AR 63.)

The VE testified that such a person could perform Plaintiff's past relevant work as a bus driver. (AR 63.) Such a person could also perform medium, unskilled work as a janitor (DOT 381.687-018), a warehouse worker (DOT 922.687-058), and an agriculture packer (DOT 920.697-134).

### 2. The ALJ's Decision

On November 16, 2012, the ALJ issued a decision, finding Plaintiff not disabled since September 16, 2010. (AR 21-27.) Specifically, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since his alleged onset date of September 16, 2010 (AR 23); (2) Plaintiff had severe impairments including status-post L5-S1 interbody fusion, lumbar spondylosis, and thoracic and lumbar degenerative disc disease with myelopathy (AR 23); (3) did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (AR 23); and (4) had the residual functional capacity ("RFC") to perform medium exertional level work, frequently climb, kneel, crouch, and crawl, but he requires the opportunity to stretch every hour (AR 24). The ALJ found that Plaintiff was able to perform his past relevant work (AR 26), and he retained the ability to perform other work such as a janitor, warehouse worker, and agriculture packer (AR 27). The ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act at any time from September 16, 2010, through the date of decision. (AR 27.)

Plaintiff sought review by the Appeals Council on March 25, 2013. (AR 13-16.) The Appeals Council denied Plaintiff's request for review on April 24, 2014. (AR 8-12.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

---

[6] The ALJ used the word "occasionally" rather than "frequently." Because the ALJ noted the hypothetical was based on Exhibit 5F, page 5 of the orthopedic report (AR 383), it is clear the ALJ meant to use the word "frequently" as this is what the orthopedic report indicated, and the jobs identified by the VE were in the medium category, which matches the ability to lift 25 pounds frequently.

**C.     Plaintiff's Argument on Appeal**

On June 27, 2014, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision. Plaintiff argues the ALJ erred by accepting the VE testimony which conflicts with the DOT. As such, Plaintiff claims the ALJ erred in concluding Plaintiff could return to his past relevant work at Step Four or could perform the alternative work identified at Step Five.

## SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## APPLICABLE LAW

An individual is considered disabled for purposes of disability benefits if he or she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or impairments must result from anatomical, physiological, or psychological

4

abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability.  In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"),  20 C.F.R. 404, Subpart P, App. 1.  *Id*. §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. *Id*. §§ 404.1520(f), 416.920(f). If not, in the Fifth Step, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy.  *Id*. §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

Plaintiff contends the jobs identified by the VE do not contain a sit/stand option indicating a worker would be able to alternate positions every hour to stretch, but the ALJ determined Plaintiff required such an option. The DOT does not address the availability of a sit/stand option. As such, the VE's testimony that Plaintiff could perform the jobs identified by the DOT despite needing a sit/stand option created a conflict with the DOT. The VE did not identify anything other than the DOT for determining what occupations Plaintiff could perform in light of the sit/stand

option (the ability to stretch every hour). Accordingly, there is no support for the VE's deviation from the DOT, which the VE is required to supply. Support from other sources may come from labor market surveys, experience, or research. The mere fact that the VE testified Plaintiff could perform the jobs identified is insufficient evidence that Plaintiff can indeed perform that work. In sum, there is no evidence what the VE relied upon to reach the conclusion Plaintiff could perform the jobs identified because none contain a sit/stand option in the DOT which Plaintiff requires.

The Commissioner argues Plaintiff is attempting to manufacture a conflict where none exists. The DOT does not provide information regarding the frequency a worker may alternate between sitting and standing, but this does not create a conflict if the VE nonetheless testifies that such work can be done with a sit/stand option. For example, in *Harvey v. Astrue*, the court held that "[w]here [the] DOT does not include information about a particular aspect of a job – such as the existence of a sit/stand option – it is proper to consult with a VE, as [Social Security Ruling ("SSR")] 83-12 instructs. Such testimony supplements the DOT, rather than conflict[s] with it." No. 09-02038 CW, 2010 WL 2836817, * 14 (N.D. Cal. July 16, 2010).

At Step Four, the ALJ must determine whether a claimant's RFC allows him to return to his past relevant work. *Lester v, Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 404.1520(a)(4)(iv). Plaintiff has the burden of establishing he cannot "return to his former type of work and not just to his former job." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). Nonetheless, the ALJ is required to make sufficient findings of fact regarding the claimant's RFC, the physical and mental demands of the past relevant work, and whether the claimant can return to past relevant work "either as actually performed or as generally performed in the national economy." *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001).

In determining whether appropriate jobs exist for the claimant, the ALJ generally will refer to the DOT. *Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997), SSR 00-4p, 2000 WL 1898704 ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy."). In addition to the DOT, the ALJ may rely on the testimony of vocational experts who testify about specific occupations that a claimant can perform in light of his RFC. 20 C.F.R.

1  § 404.1560(b)(2); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). SSR 00-4p provides the following guidance regarding occupational evidence from a VE in relation to information included in the VE:

> Occupational evidence provided by a VE or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

In making disability determinations, the ALJ may rely on VE testimony that contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation. *Light*, 119 F.3d at 793; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Although evidence provided by a VE "generally should be consistent" with the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict." SSR 00-4p at *2. Thus, the ALJ must first determine whether a conflict exists, and if it does, the ALJ must then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT. *Id.* at *2-3. Only after determining whether the VE has deviated from the DOT, and whether any deviation is reasonable, can an ALJ properly rely on the VE's testimony as substantial evidence to support a disability determination. *Massachi*, 486 F.3d at 1152-54. Evidence sufficient to support a deviation from the DOT may be either specific findings of fact regarding Plaintiff's ability to perform particular jobs, or inferences drawn from the context of the expert's testimony. *See Johnson*, 60 F.3d at 1435 n. 7 (ALJ provided sufficient support for deviation by noting that the VE described characteristics and requirements of jobs in the local area consistent with claimant's RFC); *Terry v. Sullivan*, 903 F.2d 1273, 1279 (9th Cir. 1990) (ALJ may infer support for deviation

where VE's understanding of applicable legal standards is clear from context).

District courts in this circuit are split as to whether there is a conflict with VE testimony where the DOT is silent on a job requirement. The majority of courts find that where the DOT is silent as to a particular job requirement, a VE's testimony that the work can be performed by a claimant with that job requirement is not inconsistent. In other words, because the DOT does not address the subject of a sit/stand option, it is not apparent that the testimony of the VE conflicts with the DOT when the VE testifies that the job can be performed by a claimant who requires a sit/stand option. *Edwards v. Colvin*, No. 2:13-cv-1461-DAD, 2015 WL 673441, at *4 (E.D. Cal. Feb. 17, 2015); *Gilmour v. Colvin*, No. 1:13-cv-0553-BAM, 2014 WL 3749458, at *8 (E.D. Cal. July 29, 2014); *Forrest v. Comm'r Soc. Sec. Admin.*, No. 14-5421, 2014 WL 6185309, at *4 (6th Cir. 2014) (unpublished) ("But the DOT does not discuss whether jobs have a sit/stand option . . . and therefore the vocational expert's testimony supplemented, rather than conflicted with, DOT job descriptions."); *Zblewski v. Astrue*, 302 Fed. Appx. 488, 494 (7th Cir. 2008) (unpublished) ("Because the DOT does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the DOT."); *Stain v. Colvin*, No. CV 13-1973-SH, 2014 WL 2472312, at *2 (C.D. Cal. June 2, 2014).

At least three district courts in this circuit have found that a VE's testimony that jobs could be performed with a sit/stand option is inconsistent with the DOT, which is silent about a sit/stand requirement. *Edwards v. Astrue*, 2013 WL 1891764, at *9-10 (N.D. Cal. May 6, 2013) (finding apparently conflict where VE testifies jobs can be performed with a sit/stand requirement, but the DOT is silent about that requirement); *Valenzuela v. Astrue*, 2009 WL 1537876, at *3 (N.D. Cal. June 2, 2009) (same), *Smith v. Astrue*, 2010 WL 5776060, at *11-12 (N.D. Cal. Sept. 16, 2010) (same). Additionally, the Ninth Circuit has considered this issue in *Coleman v. Astrue*, 423 Fed. Appx. 754 (9th Cir. 2011) (unpublished). In *Coleman*, the ALJ determined the claimant had the RFC to perform sedentary or light work, so long as she could switch between sitting, standing, and walking. *Id.* The court noted that "under the DOT's definitions, sedentary work 'involves sitting most of the time,' and the relevant type of light work 'requires walking or standing to a significant degree.'" *Id.* Despite that many of the light and sedentary occupations could not accommodate the

required sit/stand/walk option, the VE testified the claimant could perform some of the occupations in those exertional categories. *Id.* at 756.  This testimony therefore created an apparent conflict with the DOT. *Id.*  The error was not harmless because the VE did not provide sufficient support for his conclusions so as to justify the conflict.  Instead, the court found the VE's explanations "brief, and so far as the record reveal[ed], involved uninformed guesswork about the nature of the specified occupations." *Id.*

This case is distinguishable from *Coleman*, *Edwards*, *Valenzuela* and *Smith:*  Plaintiff here is not restricted to light work (which requires primarily walking and standing) or to sedentary work (which requires primarily sitting).  Plaintiff is able to perform medium work, which does not involve primarily sitting or primarily standing/walking as do sedentary and light work.  *See* 20 C.F.R. § 404.1567(a)-(c).  Two jobs identified by the VE – warehouse worker and agricultural packer – are medium level jobs which do not primarily require one posture for extended periods of time – i.e., making a postural change at least every hour is not an issue in the same way it is for light and sedentary work, which largely require one particular posture for much of the day.  Even assuming a VE's testimony regarding a sit/stand option conflicts with the DOT as to light and sedentary work, there is no such conflict with medium work.  Here, the ALJ noted the limitation for stretching to the VE in the hypotheticals posed, and the VE gave testimony about medium work Plaintiff could perform.  Under these circumstances, the Court finds there is no apparent conflict between the VE's testimony and the DOT.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, the Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn

///

///

///

///

9

W. Colvin, Acting Commissioner of Social Security and against Plaintiff Matthew House.

IT IS SO ORDERED.

Dated: __**August 4, 2015**__                              __**/s/ Sheila K. Oberto**__
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE